UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME R. WINKELMAN,

        Plaintiff,

vs.

                                   Case No. 06-CV-12164

                                   HON. GEORGE CARAM STEEH

GERALD P. CAVELLIER

        Defendant.

_____/

<u>ORDER OF DISMISSAL</u>

       Plaintiff Jerome R. Winkelman filed a complaint before this court on May 11, 2006, alleging that Defendant Gerald P. Cavellier violated his "fundamental civil rights." (Compl. ¶ 15.) In his complaint, Plaintiff alleges that Defendant, an attorney, filed a motion to show cause for contempt against Plaintiff in the Sixth Circuit Court for Oakland County, Michigan, but failed to provide Plaintiff with adequate notice of the subsequent hearing. (Compl. ¶¶ 2-6.) In particular, Plaintiff alleges that Defendant "fraudulently signed a proof of service indicat[ing] that all postage was fully paid...,"(Compl. ¶ 4), in order to "ensure victory, diminishing [P]laintiff's credibility and obtaining a bench warrant for a bargaining tool..." (Compl. ¶ 9). Plaintiff further alleges damages including legal fees, loss of out-of-state employment, and fear of arrest, resulting from what he terms as Defendant's "deceptive and careless actions...." (Compl. ¶ 14.)

       On May 24, 2006, this court granted Plaintiff *in forma pauperis* status pursuant to

1

the satisfactory "Application to Proceed *in Forma Pauperis*" that he filed with the court and 28 U.S.C. § 1915. In addition, the court ordered Plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff, "who claims that the power of the court should be exerted in his behalf ... must carry throughout the litigation the burden of showing that he is properly in court." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).

Plaintiff responded to the Show Cause Order on May 30, 2006, and amended his response on June 2, 2006, to state a civil cause of action against Defendant pursuant to 18 U.S.C. § 1341, a criminal statute that forbids fraudulent use of the United States Postal Service. Although Plaintiff alleges that Defendant "devised a scheme to fraudulently manipulate the delivery of U.S. mails for the purpose of extorting money...," (Resp. to Show Cause Order ¶ 1), it is well-established that no private cause of action exists under 18 U.S.C. § 1341. Ryan v. Ohio Edison Co., 611 F.2d 1170, 1177-79 (6th Cir. 1979); Morganroth & Morganroth v. DeLorean, 123 F.3d 374, 386 (6th Cir. 1997). Therefore, Plaintiff's response to the Show Cause Order has failed to demonstrate that this court has jurisdiction over the subject matter of his complaint.

Federal courts are courts of limited jurisdiction that may exercise only those powers authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Quite aside from whether the parties raise jurisdictional issues themselves–or even attempt to consent or agree to federal jurisdiction–federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 607 (6th Cir. 1998). Although *pro se* litigants are held to "less stringent standards than formal pleadings drafted by

2

lawyers...," <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), Plaintiff's response to the Show Cause Order relies on a cause of action that simply does not exist, and even a liberal construction of Plaintiff's complaint fails to reveal any additional possible basis for this court to exercise subject matter jurisdiction.

When a court determines that it lacks subject matter jurisdiction over a case or controversy it may dismiss the matter *sua sponte*. <u>See, e.g.,</u> <u>Douglas</u>, 150 F.3d at 607. Accordingly, therefore, Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE


Dated:  June 12, 2006



CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 12, 2006, by electronic and/or ordinary mail.


s/Josephine Chaffee
Secretary/Deputy Clerk